WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mario Gabriel Robles, | No. CV-13-00089-TUC-DTF |
| Plaintiff, | **ORDER** |
| v. | |
| United States of America, | |
| Defendant. | |

Pending before the Court are the parties' cross-motions for summary judgment and accompanying statements of fact. (Docs. 78, 85, 86, 88-92, 97-101, 105, 106.) Oral argument was heard on January 8, 2015, and the matter was taken under advisement at that time. (Doc. 108.)

**FACTUAL BACKGROUND**

Plaintiff Mario Robles filed a complaint under the Federal Torts Claim Act (FTCA), 28 U.S.C. § 1346(b), against Vickie Clous, Marana Health Clinic and the United States. (Doc. 1.) After the United States certified that Clous was acting within the scope of her employment at the time of the acts and omissions alleged in the Complaint, the individual defendants were dismissed, leaving the United States as the sole defendant. (Docs. 25, 26.)

In the Complaint, Robles alleges that, on April 23, 2012, Clous (working as a nurse at the Marana Health Clinic) submitted his blood for an HIV test without his knowledge or consent. Further, Robles alleges that Clous failed to provide him the

information material to deciding whether to be tested for HIV and did not give him the option to decline testing. Clous also is alleged to have submitted the entirety of Robles's medical file to the Pima County Health Department. After the Court ruled on a motion to dismiss filed by Defendant, two claims remain. Claim 1 alleges that Clouse was negligent in testing Robles for HIV without his consent, in violation of A.R.S. § 36-663. Claim 2 alleges that Clouse violated Robles's right to patient confidentiality by producing his entire medical file to the health department in violation of A.R.S. § 12-2292.

## SUMMARY JUDGMENT STANDARD

In deciding a motion for summary judgment, the Court views the evidence and all reasonable inferences therefrom in the light most favorable to the party opposing the motion. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Eisenberg v. Ins. Co. of N. Am.*, 815 F.2d 1285, 1289 (9th Cir. 1987). Summary judgment is appropriate if the pleadings and supporting documents "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Material facts are those "that might affect the outcome of the suit under the governing law." *Anderson*, 477 U.S. at 248. A genuine issue exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

## DISCUSSION

Robles seeks summary judgment solely on Claim 1. Defendant seeks summary judgment on Claims 1 and 2.

**Claim 1**

Robles alleges that Clous conducted an HIV test on his blood without his informed consent, in violation of A.R.S. § 36-663. "It is the prevailing rule, recognized in Arizona, that a breach of a statute intended as a safety regulation is not merely evidence of negligence but is negligence per se." *Brannigan v. Raybuck*, 667 P.2d 213, 217, 136 Ariz. 513, 517 (1983) (citing *Orlando v. Northcutt,* 103 Ariz. 298, 300, 441 P.2d 58, 60 (1968);

- 2 -

W. Prosser, *Handbook of the Law of Torts* § 36 at 197-200 (4th ed. 1971)). Although violation of a statute establishes duty and breach, a plaintiff must still prove proximate cause and damages. *Resolution Trust Corp. v. Dean*, 854 F. Supp. 626, 640 (D. Ariz. 1994) (citing *Cobb v. Salt River Valley Water Users' Ass'n,* 114 P.2d 904, 57 Ariz. 451 (Ariz. 1941)).

Robles argues that Clous's violation of A.R.S. § 36-663 constituted negligence per se and caused him emotional harm. Based on the evidence presented by the parties, there is a genuine issue of material fact regarding whether Robles gave informed consent to be tested for HIV. (Doc. 89, Ex. C at 41-45, 62, 64-65.)

The issue of causation is ordinarily a question of fact for the jury, and the Court finds that to be true in this case. *Id.*; *Robertson v. Sixpence Inns of Am., Inc.*, 789 P.2d 1040, 1047, 163 Ariz. 539, 546 (1990). "The proximate cause of an injury is that which, in a natural and continuous sequence, unbroken by any efficient intervening cause, produces an injury, and without which the injury would not have occurred." *Id.* In his papers and at oral argument, Robles described his injury as arising from the timing and manner in which he was advised of his diagnosis. Simply put, Robles argued he was emotionally damaged because he was not prepared to receive the diagnosis at the time Clouse gave it to him. (Doc. 99 at 8-9). Additionally, counsel asserted at argument that Robles's rights to privacy and autonomous medical treatment were violated. The parties have cited some evidence to support both of these propositions (s*ee, e.g.*, Doc. 88, ¶¶ 138, 143, 153; Doc. 100, ¶146), although damages remain to be proven at trial. "Defendant's act need not have been a 'large' or 'abundant' cause of the final result; there is liability if the result would not have occurred but for defendant's conduct, even if that conduct contributed 'only a little' to plaintiff's injuries." *Ontiveros v. Borek*, 667 P.2d , 200, 205, 136 Ariz. 500, 505 (1983) (citing *Markiewicz v. Salt River Valley Water Users' Association,* 576 P.2d 517, 526 n.6, 118 Ariz. 329, 338 n.6 (App.1978)). There is a genuine issue of material fact regarding whether Clous was the proximate cause of

these alleged injuries such that her actions increased the foreseeable risk of these harms. *Id.* at 206, 136 Ariz. at 506; *Ritchie v. Krasner*, 211 P.3d 1272, 1281-82, 221 Ariz. 288, 297-98 (Ct. App. 2009).

Because the Court finds there is a genuine issue of material fact as to each element of this claim, summary judgment must be denied.

**Claim 2**

Robles alleges Clous violated his right to patient confidentiality by disclosing the entirety of his medical record to the health department. Defendant sought summary judgment on this claim and Robles made no written response to that portion of the motion. At oral argument, Robles conceded that he could not prove this claim based on the current record. Review of the briefing and evidence before the Court confirms that Defendant is entitled to summary judgment on this claim.

Health care providers in Arizona are precluded from disclosing information in medical records except as authorized by law or written patient authorization. A.R.S. § 12-2292. When HIV is diagnosed in a patient, the health care provider must report it to the local health agency. A.A.C. R9-6-202; *see* A.R.S. § 36-136(H)(1). Clouse's medical assistant, Veronica Velazquez, complied with this requirement by reporting Robles's diagnosis to the Pima County Health Department (PCHD) on May 2, 2012. (Doc. 89, Ex. B at 3-4.) The local health agency is then required to conduct an epidemiological investigation for each reported case. A.A.C. R9-6-341(A)(1)(a). In conducting its investigation, the agency is allowed to inspect and copy the patient's records related to the diagnosis of HIV. A.R.S. § 36-662. Upon request of the agency, a person must disclose records, even those protected under law, if the request is made for the detection, prevention, or control of a communicable disease. A.A.C. R9-6-102(1). On May 11, a registered nurse from PCHD presented a written request to Freedom Park, in person, to review Robles's medical records. (Doc. 89, Ex. B at 4-5.) Ms. Velazquez provided the records and they were reviewed at Freedom Park. (*Id.* at 5.) Ms. Velazquez never mailed

or faxed the records to the PCHD. (*Id.*) Clouse has no knowledge of what was sent to the PCHD. (*Id.*, Ex. C at 56.)

In his deposition, Robles testified that he did not know if Clouse sent his medical record to the PCHD although someone at the PCHD told him they had received his whole file from the health center on May 23, 2012. (Doc. 88, Ex. A at 25-29; Doc. 89, Ex. G at 4.) Robles obtained a copy of his medical records from PCHD. (Doc. 88, Ex. A at 88.)

There is no evidence before the Court that anyone improperly disclosed Robles's medical records. The PCHD properly requested the records and had the right to review and duplicate them. Further, when a disclosure is made in good faith, a health care provider is immune from civil liability; good faith is presumed but may be rebutted with clear and convincing evidence. A.R.S. § 12-2296. Robles has provided no evidence to rebut the presumption that any disclosure was made in good faith. Defendant is entitled to summary judgment on this claim.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Summary Judgment (Doc. 85) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment (Doc. 78) is **GRANTED** in part as to Claim 2 and **DENIED** in part as to Claim 1.

Dated this 15th day of January, 2015.

D. Thomas Ferraro
United States Magistrate Judge